# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **UNIFIED MESSAGING SOLUTIONS LLC,** | |
| Plaintiff, | **CIVIL CASE NO. _____** |
| v. | **JURY TRIAL DEMANDED** |
| **FISERV, INC.,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST FISERV, INC.

Plaintiff Unified Messaging Solutions LLC files this Complaint against Fiserv, Inc. ("Defendant") for infringement of U.S. Patent No. 6,857,074 ("the '074 patent"), U.S. Patent No. 7,836,141 ("the '141 patent"), U.S. Patent No. 7,895,306 ("the '306 patent"), U.S. Patent No. 7,895,313 ("the '313 patent"), and/or U.S. Patent No. 7,934,148 ("the '148 patent").

## THE PARTIES

1. Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

2. Defendant FISERV, INC. is a Wisconsin corporation with its principal place of business in Brookfield, Wisconsin. This Defendant may be served with process through its registered agent, CSC-Lawyers Incorporating Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717. This Defendant does business in the State of Illinois and in the Northern District of Illinois.

## JURISDICTION AND VENUE

3. Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

4. The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. It also has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

5. Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant is deemed to reside in the Northern District of Illinois, has committed acts of infringement in the Northern District of Illinois, has purposely transacted business in the Northern District of Illinois, and/or has regular and established places of business in the Northern District of Illinois. Venue is also proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

6. Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the Illionis Long Arm Statute, due at least to its substantial business in this State and judicial district, including: (A) at least part of its infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Illinois residents. With regards to pretrial proceedings, Defendant is also subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

## COUNT I

(INFRINGEMENT OF U.S. PATENT NO. 6,857,074)

7. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

8. Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

9. The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

10. Defendant has infringed and continues to infringe one or more claims of the '074 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1 and 4, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s) and/or its customers' websites and/or their attendant web servers.

11. More particularly, Defendant has committed direct infringements as alleged in Count I, at least through sale, offer for sale, operation, and/or provision of its "Online Banking Solutions" products.

12. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count I. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

(INFRINGEMENT OF U.S. PATENT NO. 7,836,141)

13. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

14. Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit B.

15. The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

16. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 21, 24, and 29, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s) and/or its customers' websites and/or their attendant web servers.

17. More particularly, Defendant has committed direct infringements as alleged in Count II, at least through sale, offer for sale, operation, and/or provision of its "Online Banking Solutions" products.

18. In the alternative, Defendant has committed indirect infringements as alleged in Count II at least through its inducing and/or contributing to the infringements of its customers via its "Online Banking Solutions" products. Defendant has possessed knowledge of the '141

patent since at least the time of service of this Complaint. Defendant has known or should have known that its actions would induce or contribute to actual infringement by its customers. Defendant has specifically intended for its customers to use the "Online Banking Solutions" products in a manner that infringes at least claims 21, 24, and 29 of the '141 patent by instructing and/or encouraging the customers to use the "Online Banking Solutions" products.

19. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count II. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## **COUNT III**

(INFRINGEMENT OF U.S. PATENT NO. 7,895,306)

20. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

21. Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

22. The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

23. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 5, 25, 37, and 40, without the consent or

authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s) and/or its customers' websites and/or their attendant web servers.

24. More particularly, Defendant has committed direct infringements as alleged in Count III, at least through sale, offer for sale, operation, and/or provision of its "Online Banking Solutions" products.

25. In the alternative, Defendant has committed indirect infringements as alleged in Count III at least through its inducing and/or contributing to the infringements of its customers via its "Online Banking Solutions" products. Defendant has possessed knowledge of the '306 patent since at least the time of service of this Complaint. Defendant has known or should have known that its actions would induce or contribute to actual infringement by its customers. Defendant has specifically intended for its customers to use the "Online Banking Solutions" products in a manner that infringes at least claims 5, 25, 37, and 40 of the '306 patent by instructing and/or encouraging the customers to use the "Online Banking Solutions" products.

26. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count III. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

(INFRINGEMENT OF U.S. PATENT NO. 7,895,313)

27. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

28. Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

29. The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

30. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 10 and 11, without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s) and/or its customers' websites and/or their attendant web servers.

31. More particularly, Defendant has committed direct infringements as alleged in Count IV, at least through sale, offer for sale, operation, and/or provision of its "Online Banking Solutions" products.

32. In the alternative, Defendant has committed indirect infringements as alleged in Count IV at least through its inducing and/or contributing to the infringements of its customers via its "Online Banking Solutions" products. Defendant has possessed knowledge of the '313 patent since at least the time of service of this Complaint. Defendant has known or should have known that its actions would induce or contribute to actual infringement by its customers. Defendant has specifically intended for its customers to use the "Online Banking Solutions"

products in a manner that infringes at least claims 10 and 11 of the '313 patent by instructing and/or encouraging the customers to use the "Online Banking Solutions" products.

33. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count IV. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

(INFRINGEMENT OF U.S. PATENT NO. 7,934,148)

34. Unified Messaging incorporates paragraphs 1 through 6 herein by reference.

35. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

36. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

37. Defendant has directly and/or indirectly infringed and continues to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1, 7, 39, 90-91, 140, and 147 without the consent or authorization of Unified Messaging, by or through its making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing

messages through operation of various web-based messaging service(s) via its website(s) and/or attendant web server(s) and/or its customers' websites and/or their attendant web servers.

38. More particularly, Defendant have committed direct infringements as alleged in Count V, at least through sale, offer for sale, operation, and/or provision of its "Online Banking Solutions" products.

39. In the alternative, Defendant has committed indirect infringements as alleged in Count V at least through its inducing and/or contributing to the infringements of its customers via its "Online Banking Solutions" products. Defendant has possessed knowledge of the '148 patent since at least the time of service of this Complaint. Defendant has known or should have known that its actions would induce or contribute to actual infringement by its customers. Defendant has specifically intended for its customers to use the "Online Banking Solutions" products in a manner that infringes at least claims 1, 7, 39, 90-91, 140, and 147 of the '148 patent by instructing and/or encouraging the customers to use the "Online Banking Solutions" products.

40. Unified Messaging has been damaged as a result of Defendant's infringing conduct described in this Count V. Defendant is, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

Unified Messaging hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Unified Messaging requests that the Court find in its favor and against Defendant, and that the Court grant Unified Messaging the following relief:

a. Judgment that one or more claims of the '074, '141, '306, '313, and '148 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendant;

b. Judgment that Defendant account for and pay to Unified Messaging all damages to and costs incurred by Unified Messaging because of Defendant's infringing activities and other conduct complained of herein;

c. Judgment that Defendant account for and pay to Unified Messaging a reasonable, on-going, post-judgment royalty because of Defendant's infringing activities and other conduct complained of herein;

d. That Unified Messaging be granted pre-judgment and post-judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein; and

e. That Unified Messaging be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: January 16, 2013**     Respectfully submitted,

/s/ *Timothy E. Grochocinski*
Edward R. Nelson, III
Texas State Bar No. 00797142
Lead Counsel
Brent N. Bumgardner
Texas State Bar No. 00795272
Christie B. Lindsey
Texas State Bar No. 24041918
Thomas C. Cecil
Texas State Bar No. 24069489
Jonathan H. Rastegar
Texas State Bar No. 24064043
NELSON BUMGARDNER CASTO, P.C.
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
(817) 377-9111
enelson@nbclaw.net
bbumgarnder@nbclaw.net
clindsey@nbclaw.net
tcecil@nbclaw.net

jrastergar@nbclaw.net

Timothy E. Grochocinski
Illinois State Bar No. 6295055
INNOVALAW, P.C.
1900 Ravina Place
Orland Park, IL 60462
(708) 675-1974
teg@innovalaw.com

**Attorneys for Plaintiff**
**Unified Messaging Solutions LLC**